IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o S.T., <br><br> Plaintiffs, <br><br> v. <br><br> EXCELLUS BLUECROSS BLUE SHIELD; WENDCENTRAL CORP., ABC CORP. 1-10, <br><br> Defendants. | CIVIL ACTION NO.: 12-5778 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wendcentral Corporation ("Wendcentral") hereby answers the Complaint filed by Plaintiff Montvale Surgical Center, LLC a/s/o S.T. and files the following Affirmative Defenses.

### THE PARTIES

1. Wendcentral admits only that Plaintiff is an out-of-network provider and does not have a contract with it or Excellus BlueCross BlueShield. Wendcentral is without sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. Wendcentral admits the allegations contained within paragraph 2 of the Complaint.

3. Wendcentral admits only that it conducts business throughout the State of New Jersey, including Bergen County. The remaining allegations contained within paragraph 3 of the Complaint are legal averments to which no response is required. To the extent that an answer is

2786852-01

deemed necessary, Wendcentral denies the remaining allegations contained within paragraph 3 of the Complaint.

4. Wendcentral admits only that it maintains a self-funded employee benefit plan for eligible employees and beneficiaries. Wendcentral denies the remaining allegations contained within paragraph 4 of the Complaint.

5. Wendcentral is without sufficient information to confirm or deny the allegations contained within paragraph 5 of the Complaint and leaves Plaintiff to its proofs.

6. The allegations contained within paragraph 6 of the Complaint are not directed towards Wendcentral, therefore, it offers no response to same. To the extent an answer is deemed necessary, Wendcentral is without sufficient information to confirm or deny the allegations contained within paragraph 6 of the Complaint and leaves Plaintiff to its proofs.

7. The allegations contained within paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Wendcentral denies each and every allegation contained within paragraph 7 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

8. Wendcentral admits only that it sponsors an employee health benefit plan for its eligible employees and their eligible beneficiaries. Wendcentral denies the remaining allegations contained within paragraph 8 of the Complaint.

9. Wendcentral denies that the services allegedly rendered were "medically necessary." Wendcentral is without sufficient knowledge to confirm or deny the remaining allegations within paragraph 9 of the Complaint and leaves Plaintiff to its proofs.

10. Wendcentral denies each and every allegation contained in paragraph 10 of the Complaint.

11. Wendcentral denies each and every allegation contained in paragraph 11 of the Complaint.

12. Wendcentral denies each and every allegation contained in paragraph 12 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

13. Wendcentral denies each and every allegation contained within paragraph 13 of the Complaint.

14. Wendcentral denies each and every allegation contained within paragraph 14 of the Complaint.

15. Wendcentral denies each and every allegation contained within paragraph 15 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

16. The averments contained in paragraph 16 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Wendcentral denies each and every allegation contained within paragraph 16 of the Complaint.

**WHEREFORE**, Wendcentral demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### FIRST COUNT
### (Violation of ERISA)

17. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

2786852-01

18. Wendcentral admits only that the employee benefits plan under which Plaintiff seeks benefits is governed the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

19. Wendcentral denies each and every allegation contained within paragraph 19 of the Complaint.

20. Wendcentral denies each and every allegation contained within paragraph 20 of the Complaint.

21. Wendcentral denies each and every allegation contained within paragraph 21 of the Complaint.

22. Wendcentral denies each and every allegation contained within paragraph 22 of the Complaint.

23. Wendcentral denies each and every allegation contained within paragraph 23 of the Complaint.

24. Wendcentral denies each and every allegation contained within paragraph 24 of the Complaint.

25. Wendcentral denies each and every allegation contained within paragraph 25 of the Complaint.

26. Wendcentral denies each and every allegation contained within paragraph 26 of the Complaint.

27. Wendcentral denies each and every allegation contained within paragraph 27 of the Complaint.

28. Wendcentral denies each and every allegation contained within paragraph 28 of the Complaint.

2786852-01

29. Wendcentral denies each and every allegation contained within paragraph 29 of the Complaint.

30. Wendcentral denies each and every allegation contained within paragraph 30 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

31. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

32. The averments contained in paragraph 32 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Wendcentral denies each and every allegation contained within paragraph 32 of the Complaint.

33. The averments contained in paragraph 33 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Wendcentral denies each and every allegation contained within paragraph 33 of the Complaint.

34. The averments contained in paragraph 34 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Wendcentral denies each and every allegation contained within paragraph 34 of the Complaint.

35. Wendcentral denies each and every allegation contained within paragraph 35 of the Complaint.

2786852-01

36. Wendcentral denies each and every allegation contained within paragraph 36 of the Complaint.

37. Wendcentral denies each and every allegation contained within paragraph 37 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### THIRD COUNT
### (Breach of Contract – Excellus BCBS)

38. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

39. The allegations contained within paragraph 39 of the Complaint are not directed towards Wendcentral. To the extent an answer is deemed necessary, Wendcentral is without sufficient information to confirm or deny the allegations contained within paragraph 39 of the Complaint and leaves Plaintiff to its proofs.

40. Wendcentral admits only that Excellus BCBS acts as the claims administrator for the self-funded plan it established for eligible employees and beneficiaries. Wendcentral denies the remaining allegations contained within paragraph40 of the Complaint.

41. Wendcentral denies each and every allegation contained within paragraph 41 of the Complaint.

42. Wendcentral denies each and every allegation contained within paragraph 42 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

2786852-01

## FOURTH COUNT
### (Breach of Contract – Wendcentral)

43. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

44. Wendcentral admits only that it conducts business throughout the State of New Jersey, including Bergen County. The remaining allegations contained within paragraph 44 of the Complaint are legal averments to which no response is required. To the extent that an answer is deemed necessary, Wendcentral denies the remaining allegations contained within paragraph 44 of the Complaint.

45. Wendcentral admits only that S.T. receives health benefits pursuant to the terms, conditions, exclusions and limitations of the applicable self-funded employee benefit plan establishedby Wendcentral. Wendcentral denies the remaining allegations contained within paragraph 45 of the Complaint.

46. Wendcentral denies each and every allegation contained within paragraph 46 of the Complaint.

47. Wendcentral denies each and every allegation contained within paragraph 47 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIFTH COUNT
### (Promissory Estoppel)

48. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

49. Wendcentral denies each and every allegation contained within paragraph 49 of the Complaint.

50. Wendcentral denies each and every allegation contained within paragraph 50 of the Complaint.

51. Wendcentral denies each and every allegation contained within paragraph 51 of the Complaint.

52. Wendcentral denies each and every allegation contained within paragraph 52 of the Complaint.

53. Wendcentral denies each and every allegation contained within paragraph 53 of the Complaint.

54. Wendcentral denies each and every allegation contained within paragraph 54 of the Complaint.

55. Wendcentral denies each and every allegation contained within paragraph 55 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### SIXTH COUNT
**(Negligent Misrepresentation)**

56. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

57. Wendcentral denies each and every allegation contained within paragraph 57 of the Complaint.

58. Wendcentral denies each and every allegation contained within paragraph 58 of the Complaint.

2786852-01

59. Wendcentral denies each and every allegation contained within paragraph 59 of the Complaint.

60. Wendcentral denies each and every allegation contained within paragraph 60 of the Complaint.

61. Wendcentral denies each and every allegation contained within paragraph 61 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### SIXTH COUNT
### (Unjust Enrichment)

62. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

63. Wendcentral denies each and every allegation contained within paragraph 63 of the Complaint.

64. Wendcentral denies each and every allegation contained within paragraph 64 of the Complaint.

65. Wendcentral denies each and every allegation contained within paragraph 65 of the Complaint.

**WHEREFORE**, Wendcentral Corp. demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### EIGHTH COUNT[1]

66. Wendcentral repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

---

[1] The Complaint is not sequentially numbered and Count seven appears as Count Eight. For the sake of uniformity and to avoid confusion, Wendcentral will also refer to this as Count Eight.

67. The allegations contained in paragraph 67 of the Complaint are not directed towards Wendcentral and therefore no response is required. To the extent an answer is deemed necessary, Wendcentral is without sufficient knowledge to confirm or deny the allegations within paragraph 67 of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Wendcentral demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

                CONNELL FOLEY LLP
                Liberty View
                457 Haddonfield Rd., Ste. 230
                Cherry Hill, NJ 08002
                *Attorneys for Defendant*
                *Wendcentral Corp.*

BY:   *s/Christine S. Orlando*
        Christine S. Orlando, Esquire

DATE:   October 5, 2012

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4. Plaintiff's claims are barred because Plaintiff lacks any contract with Wendcentral.

5. Wendcentral did not violate any legal or contractual duty owed to Plaintiff.

6. Wendcentral acted reasonably and in good faith with Plaintiff at all times.

7. Wendcentral denies the reasonableness, accuracy and appropriateness of the allegations in the Complaint.

8. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Wendcentral which are limited to payment of benefits that were allegedly denied.

9. Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

10. Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

11. The Complaint may be barred by the applicable Statute of Limitations.

12. Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

13. Plaintiff has failed to exhaust all appeal rights under the group health benefit plan and ERISA. Thus, the Complaint is premature and must be dismissed.

2786852-01

14. Plaintiff's claims are barred because Wendcentral fulfilled all its obligations under the health benefits plan and/or policies of insurance.

15. Denial of benefits to the plaintiff can only be reversed upon proof that Wendcentral acted in an arbitrarily and capricious manner, which it did not.

16. Plaintiff's state law claims, including breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment, as well as plaintiff's demand for a jury trial are barred by ERISA.

17. Wendcentral reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Wendcentral demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendant
Wendcentral Corp.*

BY:   *s/Christine S. Orlando*
         Christine S. Orlando, Esquire

DATE:   October 5, 2012

2786852-01

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Christine S. Orlando, Esquire is designated for trial counsel for Defendant Wendcentral Corp.

>
> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> *Attorneys for Defendant*
> *Wendcentral Corp.*
>
> BY:   *s/Christine S. Orlando*
>        Christine S. Orlando, Esquire

DATE:   October 5, 2012

2786852-01

## CERTIFICATE OF SERVICE

I, Randi P. Vuich, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

Massood & Bronsnick, LLC
50 Packanack Lake Rd. East
Wayne, NJ 07470
*Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Randi P. Vuich

DATE:   October 5, 2012

2786852-01