NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC, a/s/o S.T., | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **ORDER** |
| EXCELLUS BLUECROSS BLUESHIELD; WENDCENTRAL CORP., ABC CORP. 1-10, | Civil Action No. 12-5778 (DMC)(JAD) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter having come before the Court upon Motion of Defendant Excellus BlueCross BlueShield ("Excellus BCBS") to Dismiss Plaintiff Montvale Surgical Center, LLC's ("Plaintiff") Complaint pursuant to FED. R. CIV. P. 12(B)(6). (ECF No.5). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering all submissions, and based upon the following;

**WHEREAS** In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court

1

shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

**WHEREAS** In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965;

**WHEREAS** Plaintiff seeks to recover benefits for services provided to a patient, who received health benefits from his employer, Wendcentral Corporation, through a self-funded employee health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C.§ 1001 *et seq.* ("ERISA");

**WHEREAS** ERISA § 502(d)(1) and (2) have repeatedly been construed to mean that when a participant in a plan claims that the plan has failed to pay a covered benefit, he or she must name the plan as the defendant, rather than some other person or entity that is involved in the operation of the plan. Claims against a third-party administrator may only be brought under a self-funded plan if the third-party administrator is a fiduciary. See, e.g., Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996); Briglia v. Horizon Healthcare Services, 2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005);

**WHEREAS** Excellus BCBS correctly asserts, that it has been improperly named as a

2

Defendant in this action because the self-funded employee benefits plan at issue was established by Wendcentral Corporation, and Excellus BCBS merely provided administrative services for the plan and is not a fiduciary to the plan, and as such, Plaintiff cannot assert a valid claim against Excellus BCBS;

**WHEREAS** Plaintiff has not filed any opposition to Excellus BCBS's Motion;

IT IS on this 16 day of May 2013,

**ORDERED** that Excellus BCBS's Motion to Dismiss the Complaint is **granted with prejudice**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office
cc:           Hon. Joseph A. Dickson, U.S.M.J.
              All Counsel of Record
              File