# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o S.T., <br><br>                         Plaintiffs, <br><br> v. <br><br> EXCELLUS BLUECROSS BLUESHIELD; WENDCENTRAL CORP.; ABC. CORP. (1-10)(said names being fictitious and unknown entities), <br><br>                         Defendants. | CIVIL ACTION NO.: 12-5778-ES-SCM |

**PROPOSED JOINT DISCOVERY PLAN FOR RULE 16 CONFERENCE SCHEDULED
June 4, 2013 at 2:30 pm**

_____

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Andrew R. Bronsnick, Esquire, Massood & Bronsnick, 50 Packanack Lake Road East, Wayne, New Jersey 07470, Phone (973) 696-1900, Facsimile (973) 696-4211.  Attorney for Plaintiff.

Matthew A. Baker, Esquire, Connell Foley, 457 Haddonfield Road, Suite 230, Cherry Hill, NJ 08002, Phone (856) 317-7100, Facsimile (856) 317-7117. Attorney for Defendant, Wendcentral Corp.

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

This is a claim for benefits under a self funded health benefit plan sponsored by Wendcentral, Corp. and administered by Excellus BlueCross BlueShield ("the Wendcentral Plan"), which is governed by ERISA.  Plaintiff is an out-of-network provider and does not have a contract with either Wendcentral Corp. or Excellus BlueCross BlueShield.  Plaintiff brings this action as the alleged assignee of S.T.  On or about May 16, 2013, the Court entered an Order dismissing Excellus BlueCross BlueShield as a party.

Plaintiff allegedly rendered services to S.T. and submitted billed charges in the amount of $14,595. The Wendcentral Plan paid $681.60, which is the allowed amount under the Plan. Plaintiff disputes the payment made on this claim and contends that the payment made is not the "usual, customary and reasonable" rate. Plaintiff alleges that it is entitled to additional benefits in the amount of $13,913.40, or full billed charges.

Wendcentral asserts that, absent a full assignment of benefits, Plaintiff is barred from bringing this action. Wendcentral also contends that Plaintiff has not exhausted the mandatory administrative remedies available under the terms of the applicable health benefit plan and mandated by ERISA prior to filing a lawsuit. Lastly, the claims were properly processed pursuant to the terms, conditions and limitations of the applicable health benefit plan. Any claim for additional benefits above and beyond that available under the terms of the policy are not available. Plaintiff's state law claims for breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment are pre-empted by ERISA.

3. Has this action been: Settled: __No__ Discontinued: __No__
   If so, has there been a Stipulation/Dismissal filed?   N/A

4. Have settlement discussions taken place?  Yes _____     No __X__
   If so, when?

5. The parties have not exchanged the information required by Fed.R.Civ.P. 26(a)(1).
   Rule 26 Disclosures: are in the process of being prepared and will be exchanged within 2 weeks of the date of this conference

6. Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).

   None known at this time.

7. Neither Plaintiff nor Defendant has propounded interrogatories

8. The parties have not physically met but have conferred regarding the provision of the Proposed Joint Discovery Plan.

   (a) If not, state the reason therefore.

   (b) If so, state the date of the meeting and the persons in attendance.

9. The following [is __X__ is not _____] a proposed joint discovery plan.

   (a)   Establishment of the Administrative Record.

2919008-01

(b) Discovery [should _____ should not_X___] be conducted in phases or be limited to particular issues.  Explain.
Per Defendant:  Plaintiff's claim is a claim for benefits pursuant to an ERISA-based health benefit plan and therefore discovery is limited to ascertaining that which comprises the administrative record and the record of the claims handling.

(c) Discovery should be limited to the administrative record.

(c) Deadline to serve Initial Interrogatories should be N/A.

(d) No depositions to be taken by either party.

(e) Motions to amend or add parties to be filed by July 1, 2013.

(f) Fact discovery to be completed by August 1, 2013.

(e) Plaintiff's expert report due as N/A.

(f) Defendant's expert report due as N/A.

(h) Dispositive motions to be served within 60 days of completion of discovery.

(j) Expert depositions to be completed N/A.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: None anticipated.

(l) A pretrial conference may take place on <u>any date to be determined by the Court.</u>

(m) Trial date: To be determined.

10. Do you anticipate any discovery problem(s)?  Yes _____  No ___X___

11. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

None currently anticipated.

12. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L.Civ.R.</u> 201.1 or otherwise), mediation (pursuant to <u>L.Civ.R.</u> 301.1 or otherwise), appointment of a special master or other special procedure.  If not,

3

  explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)

  **These proceedings would not be productive**

13. Is this case appropriate for bifurcation? Yes ____ No __X__

14. An interim status settlement conference (with clients in attendance), should be held <u>at a date to be determined by the Court.</u>

15. It is anticipated that this matter may be decided by dispositive motion.

16. We [do _____ do not X] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

  **None.**

          MASSOOD & BRONSNICK, LLC

          *s/Andrew Bronsnick*_____
          Andrew Bronsnick, Esq.
          Attorney for Plaintiff
          Montvale Surgical Center, LLC

Dated: May 31, 2013


          CONNELL FOLEY, LLP


          *s/ Matthew Baker*_____
          Matthew A. Baker, Esq.
          Attorney for Defendant
          Wendcentral Corp.

Dated: May 31, 2013

2919008-01